No. 23-11299-E

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

PENNY PHELPS,

*Plaintiff-Appellant*,

v.

SHERIFF RICK RAMSAY, in his Official
and Individual capacities, CARA HIGGINS,
LAUREN JENAI, and FRANKLIN TUCKER,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Southern District of Florida

No. 4:21-cv-10070-JEM

**APPELLANT'S REPLY BRIEF**

Prepared by:
Victor J. Mastromarco, Jr. (P34564)
The Mastromarco Firm
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414

*Attorneys for Appellant*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel, Victor J. Mastromarco, Jr., certifies that the following persons may have an interest in the outcome of this case:

### REPRESENTED ENTITIES

1. Penny Phelps, Plaintiff-Appellant

2. Sheriff Rick Ramsay, Defendant-Appellee

3. Cara Higgins, Defendant-Appellee

4. Lauren Jenai, Defendant-Appellee

5. Franklin Tucker, Defendant-Appellee

### LEGAL REPRESENTATIVES

1. Victor J. Mastromarco, Jr. of The Mastromarco Firm, counsel for Plaintiff-Appellant

2. Kevin J. Kelly of The Mastromarco Firm, counsel for Plaintiff-Appellant

3. Rikki M. Mays-Reak of The Mastromarco Firm, counsel for Plaintiff-Appellant

4. David P. Reiner, II of Reiner & Reiner, P.A., counsel for Plaintiff-Appellant

5. John R. Shek of J. Shek Law Offices, former local counsel for Plaintiff-Appellant

6. Jerome A. Ballarotto of Ballarotto Law, counsel for Defendants-Appellees Higgins, Jenai, and Tucker

7. Mark W. Catanzaro of the Law Offices of Mark W. Catanzaro, counsel

      for Defendants-Appellees Higgins, Jenai, and Tucker

8. Robert L. Norton of Allen, Norton & Blue, P.A., counsel for Defendant-Appellee Ramsay

9. Brian Koji of Allen, Norton & Blue, P.A., counsel for Defendant-Appellee Ramsay

10. Luke C. Savage of Allen, Norton & Blue, P.A., counsel for Defendant-Appellee Ramsay

11. Jason S. Miller of Allen, Norton & Blue, P.A., former counsel for Defendant-Appellee Ramsay

## OTHER INTERESTED PARTIES

1. The Honorable Jose E. Martinez, U.S. District Court Judge

## **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iv

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

# **TABLE OF CITATIONS**

**CASES**

*Bobenhausen v. Cassat Ave. Mobile Homes, Inc.*,
344 So. 2d 279 (Fla. Dist. Ct. App. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

*D'Agastino v. City of Miami*,
220 So. 3d 410 (Fla. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

*Gray v. Rodriguez*,
481 So. 2d 1298 (Fla. Dist. Ct. App. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lewis v. City of Union City, Georgia*,
918 F.3d 1213 (11th Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Mac Isaac v. Twitter, Inc.*,
557 F. Supp. 3d 1251 (S.D. Fla. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Mesa v. Rodriguez*,
357 So. 2d 711 (Fla. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2, 4

*Migliore v. City of Launderhill*,
415 So. 2d 62 (Fla. Dist. Ct. App. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

*Migliore v. City of Launderhill*,
431 So. 2d 986 (Fla. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Molinoes Valle Del Cibao, C. por A. v. Lama*,
663 F.3d 1130 (11th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Wolfson v. Kirk*,
273 So. 2d 774 (Fla. Dist. Ct. App. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**STATUTES**

FLA. STAT. §112.532 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3

FLA. STAT. § 112.533 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

# **ARGUMENT**

Defendants argue against Plaintiff's claims under FLA. STAT. §112.532(3) by relying on case law, which this Honorable Court is not bound to follow, including intermediate Florida appellate court decisions and unpublished opinions of this Court. Where the Florida Supreme Court has spoken on an issue of state law, this Court follows its rule. *Molinoes Valle Del Cibao, C. por A. v. Lama*, 663 F.3d 1130, 1348 (11th Cir. 2011). Twice, the Florida Supreme Court has recognized that FLA. STAT. § 112.532(3) gives a law enforcement officer the right to bring a civil suit for damages. In *Mesa v. Rodriguez*, 357 So. 2d 711 (Fla. 1978), the Florida Supreme Court found that:

> The section declares that every law enforcement officer has the right to bring a civil suit for damages. . . .
>
> \*   \*   \*
>
> The challenged statutory section simply declares that law enforcement officers have a right to recover damages. . . .

*Id*. at 712-713. In *D'Agastino v. City of Miami*, 220 So. 3d 410 (Fla. 2017), the Florida Supreme Court confirmed that "Section 112.532 also provides . . . a statutory right to bring a civil action for damages. . . ." *Id*. at 417 n. 4.

Defendant Ramsay also seeks to avoid the import of these statements from Florida's highest court by attempting to rely upon another Florida Supreme Court opinion. In *Migliore v. City of Launderhill*, 415 So. 2d 62 (Fla. Dist. Ct. App. 1982), the two plaintiffs were police officers that had been dismissed from employment.

*Id*. at 63.  Instead of applying for a hearing before the city's Civil Service Board, the plaintiffs sought to empanel a complaint review board pursuant to FLA. STAT. § 112.532(2).  *Id*.  When that request was denied, the plaintiffs filed a writ of mandamus to obtain reinstatement, back pay, and the empaneling of a complaint review board.  *Id*.  The District Court concluded that nothing in the statutory text indicated that a police officer had a right to review before such a board and discussed other related statutory provisions, finding none applied or provided the relief requested.  *Id*. at 64-65.  The District Court did not mention or address FLA. STAT. § 112.532(3), the provision discussed in *Mesa* and *D'Agastino*.  In *Migliore v. City of Launderhill*, 431 So. 2d 986 (Fla. 1983), the Florida Supreme Court approved and adopted the District Court's opinion; however, the District Court's reasoning and the Supreme Court's adoption of the same is immaterial to this issue as it does not discuss the relevant statutory text.  There is no other effort to square the language quoted from *Mesa* and *D'Agastino* with the intermediate appellate opinions that contradict the Supreme Court opinions.  Defendants' efforts to overcome the Florida Supreme Court's statements and the statutory text itself fails.

Regarding Plaintiff's claim of defamation against Defendant Ramsay, Defendant Ramsay argues that he was acting within the scope of his employment, because the investigation had been completed and was no longer confidential.  In making this argument, Defendant Ramsay relies upon FLA. STAT. § 112.533(2)(a).

Section 112.533(2)(a) is not the only applicable statutory provision. FLA. STAT. § 112.532(4)(b) further provides:

> The contents of the complaint and investigation shall remain confidential until such time as the employing law enforcement agency makes a final determination whether or not to issue a notice of disciplinary action consisting of suspension with loss of pay, demotion, or dismissal.

When Defendant Ramsay uttered the defamatory statements, Defendant Ramsay had not made a final determination to issue a notice of disciplinary action consisting of dismissal, because Defendant Ramsay had not yet afforded Plaintiff a predetermination hearing, which did not occur until December 19, 2019. In fact, on the December 18, 2019 radio broadcast and despite stating Plaintiff's comments were "racially charged," he did "not tolerate these types of comments," and he could not "defend this," Defendant Ramsay also stated, "We are going to hear form her tomorrow and then we will make a decision where we'll go." (**Appellant Appendix, No. 24(y), at 1654a**). Either Defendant Ramsay had not made a final determination and therefore did not have legal authority to comment on the contents of the investigation or he did make a final determination and violated Plaintiff's due process rights. Assuming Defendant Ramsay would not admit he violated Plaintiff's due process rights, then he was not authorized to speak on the contents of the complaint or the investigation and, therefore, was not acting within the scope of his employment. As he was not acting within the scope of his employment, he was and

3

is not absolutely immune.

Regarding Plaintiff's claim for tortious interference, Defendants Higgins, Jenai, and Tucker make no attempt to reconcile the holdings of *Gray v. Rodriguez*, 481 So. 2d 1298 (Fla. Dist. Ct. App. 1986), with *Mesa*, *supra*. Under *Mesa*, complaints lodged outside of the Sheriff's Office's system for receiving and investigating complaints, receive no such protection. On a motion to dismiss, a trial court would not have sufficient information to determine whether the complaints filed by Higgins or Tucker were made or filed pursuant to the Sheriff's Office's system. Full resolution of that matter would require evidence regarding the Sheriff's Office's system and whether Higgins or Tucker submitted complaints pursuant to that system. Especially considering Defendant Higgins' denial of lodging any internal affairs complaint. It would have been more appropriate to address the issue of the applicability of a constitutional privilege on a motion for summary judgment. Defendants also fail to establish why the several other instances referenced in the complaint that did not involve internal affairs complaint would not support a tortious interference claim.

For example, Defendant Higgins openly advocated and demanded Plaintiff be terminated. On December 7, 2019, Defendant Higgins posted on Facebook, calling Plaintiff a "racist cop," and questioned why she still had a job. Four days later, on December 11, 2019, Higgins went on radio, directly challenging the Sheriff and his

decision claiming he was giving Plaintiff due process, stating Plaintiff's behavior was "simply outrageous." The public demands for Plaintiff to lose her job when combined with the existence of a plan, which Defendants Tucker and Jenai named Project Mayhem, to discredit, defame, and damage Plaintiff and the several instances of defamation, state a plausible claim for tortious interference. There are sufficient facts alleged in Plaintiff's complaint to permit inferences that Defendants are liable for tortious interference.

Relating to Plaintiff's discrimination claims, Defendant Ramsay first notes that Defendant replaced Plaintiff with a homosexual female, which is unrelated to whether Defendant treated heterosexual males more preferentially. Defendant appears to suggest that because Plaintiff was replaced by a member of her protected classes, the Court should draw an inference in its favor that it did not discriminate, which, of course, violates the standard of review. But since Defendant points it out, it is worth mentioning that the fact of Plaintiff's replacement as head of the Major Crimes Unit with the individual who supervised school resource officers may just as easily give rise to an inference in Plaintiff's favor. When an employer, armed with the advice of an attorney, scours its workforce to find an exact match of a terminated employee's protected class, especially when that employee is a member of multiple protected classes, the fixation on finding a like replacement demonstrates that the protected characteristics are on the employer's mind. It suggests that the employer

is taking significant steps to avoid discovery as being motivated by those protected characteristics. It is pretextual and raises a question about the employer's motivation. In such rare circumstances, instead of eliminating an inference that the employer is not motivated by the protected class, it is another piece of circumstantial evidence that the protected characteristics motivated the employer.

In addressing Plaintiff's comparison to Sgt. Lariz, Defendant Ramsay fails to follow this Court's guidance that what "all material respects" means needs "to be worked out on a case-by-case basis." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1227 (11th Cir. 2019). While Defendant Ramsay points to the different titles and job duties Plaintiff and Sgt. Lariz held, Defendant Ramsay does not offer any explanation as to why that is "material" for this comparison. Moreover, Defendant offers no suggestion that it would treat racially charged behavior by lower-level officials differently than the same behavior engaged in by a higher ranking official. Defendant Ramsay could not explain why the two situations were treated differently and his counsel offered no justification based on Ramsay's testimony. When Plaintiff, a homosexual female, was accused of engaging in racially charged behavior, Defendant Ramsay publicly claimed that he forwarded the issue to Internal Affairs for an investigation to be initiated. When Sgt. Lariz, a heterosexual male, was accused of engaging in racially charged behavior, Defendant Ramsay publicly stated there was no formal discipline and he had no problem with what Sgt. Lariz

did. He did not treat the two situations similarly and offers no explanation for the disparate treatment.

As it relates to Defendant Ramsay's proffered business reason, Defendant Ramsay has persisted in failing to explain how consideration of using a racially based ruse was inappropriate or violative of any of Defendant's policies. A male officer working a vice detail might pose as a "john" and sexually harass and proposition suspected prostitutes. A female officer might pose as a prostitute and sexually harass and proposition suspected johns. The officers having posed as a character and using inappropriate, sexually charged language does not turn those officers into sexists. The officers playing a role do not become sexual harassers deserving termination when acting in that role if they proposition individuals who are not prostitutes or johns. That an officer considered using (but did not actually use) a racially charged character does not transform the officer into a racist. Defendant Ramsay has not provided an adequate description of what Plaintiff did that was allegedly wrong to justify taking action against her. Repeating that she was terminated for considering the use of a ruse does not explain why the action was warranted. To be a legitimate reason, one must be able to explain the legitimacy of the proffered motivating reason.

Contrary to Defendant's argument, there is evidence that Defendant Ramsay not only tolerated sexist behavior, but also engaged in it himself. Plaintiff did not

complain that Sheriff Ramsay "occasionally referred to female deputies as 'Miss,'" she complained that he would refer to herself and other female officers as "Miss." She also complained that Sheriff Ramsay would refer to officers as "lawmen," erasing the entire female population of the Sheriff's Office. Not only did she complain about these behaviors, the Sheriff's Office did nothing to remediate them.

There also were irregularities in the internal affairs investigation. First, the matter was investigated by Inspector Maxwell, Defendant Higgins' friend. Second, Defendant Ramsay cannot and has not explained how an internal affairs investigation into the ruse began. There are no written complaints about the issue. There is no record of anyone asking for an investigation or suggesting that one should be initiated. Defendant Higgins denied ever making a complaint about it. If there was no complaint, once again one should ask why this situation was treated differently than the Sgt. Lariz issues. Absent from Defendant's papers is any explanation as to how an extremely brief discussion of the recording was assigned to investigation. There is no explanation as to who determined that an investigation should be initiated in the absence of a complainant. Defendant cannot overcome this without such an explanation.

The record contains sufficient evidence to find a genuine issue of material fact exists regarding whether Defendant terminated Plaintiff due to her gender and sexual orientation. To reach the result it did, the District Court either had to ignore or

mischaracterize the record evidence submitted or identified by Plaintiff. When viewing all the evidence in a light most favorable to Plaintiff, there is sufficient evidence to raise a factual issue under either the *McDonnell-Douglas* burden-shifting analysis, the mixed motive analysis, or the convincing mosaic analysis.

Regarding Defendants Higgins, Jenai, and Tucker's arguments regarding defamation, it should be noted that the District Court ignored Plaintiff's arguments that a presumption of malice arises from the defamation per se. The District Court ignored those arguments, because it incorrectly believed Plaintiff argued several statements constitute defamation *per se* for the first time in opposition to summary judgment. Under Florida law, defamation *per se* includes statements that someone has committed a crime, statements that tend to subject someone to hatred, distrust, and disgrace, and statements that injure a person in her trade or profession. *Mac Isaac v. Twitter, Inc.*, 557 F. Supp. 3d 1251, 1258 (S.D. Fla. 2021). In her First Amended Complaint, Plaintiff alleged that the statements made by Defendants:

> tended to subject Plaintiff to hatred, distrust, ridicule, contempt, and/or disgrace and further tended to injure Plaintiff in her business and profession.

(**AT App., No. 4, at 114a ¶ 295, 115a ¶ 306, 117 ¶ 317**). Plaintiff pled that Defendants' statements were actionable *per se*. Under Florida law, where a communication is actionable *per se*, malice is presumed from the nature of the defamation. *See Wolfson v. Kirk*, 273 So. 2d 774, 777 (Fla. Dist. Ct. App. 1973);

*Bobenhausen v. Cassat Ave. Mobile Homes, Inc.*, 344 So. 2d 279, 281 (Fla. Dist. Ct. App. 1977). Because Defendants' statements tend to injure Plaintiff in her business and/or subject her to hatred, distrust, ridicule, contempt, and/or disgrace, the District Court should have presumed malice and permitted these claims to proceed to jury.

## CONCLUSION

WHEREFORE, Plaintiff-Appellant respectfully requests that this Honorable Court enter an opinion and order reversing the District Court's dismissal of all of Plaintiff's claims for the reasons set forth in her principal brief and above.

                              Respectfully submitted,

Dated: October 3, 2023    By:    */s/ Victor J. Mastromarco, Jr.*
                                          VICTOR J. MASTROMARCO, JR. (P34564)

                                          THE MASTROMARCO FIRM
                                          1024 N. Michigan Avenue
                                          Saginaw, Michigan 48602
                                          (989) 752-1414
                                          vmastromarco@mastromarcofirm.com

                                          *Attorneys for Plaintiff-Appellant*

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(b) because it contains 2,314 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f) and 11th Cir. R. 32-4. This brief further complies the typeface requirements of FED. R. APP. P. 32(a)(5) and the style requirements of FED. R. APP. P. 32(a)(6) as counsel prepared this brief using proportionally spaced typeface with Microsoft Word, in 14-point Times New Roman font.

                                          Respectfully submitted,

Dated: October 3, 2023    By:    */s/ Victor J. Mastromarco, Jr.*
                                        VICTOR J. MASTROMARCO, JR. (P34564)

                                        THE MASTROMARCO FIRM
                                        1024 N. Michigan Avenue
                                        Saginaw, Michigan 48602
                                        (989) 752-1414
                                        vmastromarco@mastromarcofirm.com

                                        *Attorneys for Plaintiff-Appellant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on **October 3, 2023**, I presented the foregoing papers to the Clerk of the Court for the filing and uploading to the Court's electronic filing system, which will send notification of such filing to the following:

Victor J. Mastromarco, Jr.
Kevin J. Kelly
Rikki M. Mays-Reak
The Mastromarco Firm
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
*Attorneys for Plaintiff-Appellant*

David P. Reiner, II
Reiner & Reiner, P.A.
9100 S. Dadeland Blvd., Ste. 301
Miami, Florida 33156
(305) 670-8282
*Attorneys for Plaintiff-Appellant*

Jerome A. Ballarotto
143 White Horse Avenue
Trenton, New Jersey 08610
(609) 581-9509
*Attorney for Defendants-Appellees Higgins, Jenai & Tucker*

Mark W. Catanzaro
21 Grant Street
Mount Holly, New Jersey 08060
(609) 261-3400
*Attorney for Defendants-Appellees Higgins, Jenai & Tucker*

Robert L. Norton
Brian Koji
Allen, Norton & Blue, P.A.
121 Majorca Ave., Ste. 300
Coral Gables, Florida 33134
(305) 445-7801
*Attorneys for Defendant-Appellee Ramsay*

                                  Respectfully submitted,

Dated: October 3, 2023     By:    */s/ Victor J. Mastromarco, Jr.*
                                        VICTOR J. MASTROMARCO, JR. (P34564)

                                        THE MASTROMARCO FIRM
                                        1024 N. Michigan Avenue
                                        Saginaw, Michigan 48602
                                        (989) 752-1414
                                        vmastromarco@mastromarcofirm.com

                                        *Attorneys for Plaintiff-Appellant*